UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
MERRILL LYNCH INTERNATIONAL,        :

        Plaintiff,        :

  -vs-        :

                :   08 CV 2893 (JSR)

XL CAPITAL ASSURANCE INC. AND XLCA
ADMIN LLC, AS TRUSTEE FOR PORTFOLIO   :   ~~PROPOSED~~
CDS TRUST 138, PORTFOLIO CDS TRUST        **PROTECTIVE ORDER**
153, PORTFOLIO CDS TRUST 164,        :
PORTFOLIO CDS TRUST 165, PORTFOLIO
CDS TRUST 170, PORTFOLIO CDS TRUST        :
172 AND PORTFOLIO CDS TRUST 186,

                :

        Defendants.
------------------------------------------------x
XL CAPITAL ASSURANCE INC. AND XLCA
ADMIN LLC, AS TRUSTEE FOR PORTFOLIO   :
CDS TRUST 138, PORTFOLIO CDS TRUST
153, PORTFOLIO CDS TRUST 164,        :
PORTFOLIO CDS 165, PORTFOLIO CDS
TRUST 170, PORTFOLIO CDS TRUST 172    :
AND PORTFOLIO CDS TRUST 186,

                :

        Counterclaimants,

                :

  - vs -

                :
MERRILL LYNCH INTERNATIONAL AND
MERRILL LYNCH & CO., INC.        :

        Counterclaim Defendants.   :
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-08

JED S. RAKOFF, U.S.D.J.

    All the parties to this action having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case, and the parties having agreed to the following terms, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.  The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a)  previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    (b)  previously nondisclosed material relating to ownership or control of any non-public company;

    (c)  previously nondisclosed business plans, product development information, or marketing plans;

    (d)  any information of a personal or intimate nature regarding any individual; or

    (e)  any other category of information hereinafter given confidential status by the Court.

      3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audability, and by also producing, within 3 days or as otherwise agreed of a request by a non-producing party, for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

      4.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

      5.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

      (a)      the parties to this action;

      (b)      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      (c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or

request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

                                                                        _____
                                                                        JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
            April  7 , 2008

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MERRILL LYNCH INTERNATIONAL,            :

            Plaintiff,                  :

    -vs-                                :
                                            08 CV 2893 (JSR)
XL CAPITAL ASSURANCE INC. AND XLCA      :
ADMIN LLC, AS TRUSTEE FOR PORTFOLIO
CDS TRUST 138, PORTFOLIO CDS TRUST      :
153, PORTFOLIO CDS TRUST 164,           :   NON-DISCLOSURE
PORTFOLIO CDS TRUST 165, PORTFOLIO          AGREEMENT
CDS TRUST 170, PORTFOLIO CDS TRUST      :
172 AND PORTFOLIO CDS TRUST 186,
                                        :
            Defendants.
------------------------------------x
XL CAPITAL ASSURANCE INC. AND XLCA
ADMIN LLC, AS TRUSTEE FOR PORTFOLIO     :
CDS TRUST 138, PORTFOLIO CDS TRUST
153, PORTFOLIO CDS TRUST 164,           :
PORTFOLIO CDS 165, PORTFOLIO CDS
TRUST 170, PORTFOLIO CDS TRUST 172      :
AND PORTFOLIO CDS TRUST 186,
                                        :
            Counterclaimants,
                                        :
    - vs -
                                        :
MERRILL LYNCH INTERNATIONAL AND
MERRILL LYNCH & CO., INC.               :

            Counterclaim Defendants.    :
------------------------------------x
```

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____