Jay B. Kasner (jkasner@skadden.com)
Scott D. Musoff (smusoff@skadden.com)
Jeffrey S. Lichtman (jlichtma@skadden.com)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Plaintiff and Counterclaim
 Defendant Merrill Lynch International and
 Counterclaim Defendant Merrill Lynch & Co., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
MERRILL LYNCH INTERNATIONAL,       :     08 CV 2893 (JSR)

      Plaintiff,                   :

      -vs-                         :     **REPLY OF MERRILL LYNCH INTERNATIONAL AND MERRILL LYNCH & CO., INC. TO COUNTERCLAIMS**

XL CAPITAL ASSURANCE INC., et al., :

      Defendants.                  :
------------------------------- x
XL CAPITAL ASSURANCE INC., et al., :

      Counterclaimants,            :

      - vs -                       :

MERRILL LYNCH INTERNATIONAL AND
MERRILL LYNCH & CO., INC.,          :

      Counterclaim Defendants.     :
------------------------------- x

      Plaintiff and Counterclaim Defendant Merrill Lynch International ("MLI") and Counter claim Defendant Merrill Lynch & Co., Inc. ("ML&Co." and together with MLI, "Counterclaim Defendants") by and through their attorneys, hereby reply to the Counterclaims of Defendants

and Counterclaimants XL Capital Assurance Inc. and XL Admin LLC ("XLCA") in the above-referenced action as follows:

## NATURE OF THE ACTION

1.  Deny the allegations contained in paragraph 1 of the Counterclaims, except admit that XLCA purports to bring counterclaims.

2.  Deny the allegations contained in paragraph 2 of the Counterclaims and respectfully refer the Court to the transaction documents for the credit default swaps at issue here ("transaction documents") for the true and complete contents thereof.

3.  Deny the allegations contained in paragraph 3 of the Counterclaims and respectfully refer the Court to the transaction documents for the true and complete contents thereof.

4.  Deny the allegations contained in paragraph 4 of the Counterclaims.

5.  Deny the allegations contained in paragraph 5 of the Counterclaims.

6.  Deny the allegations contained in paragraph 6 of the Counterclaims.

7.  Deny the allegations contained in paragraph 7 of the Counterclaims, except decline to respond to the extent that the allegations set forth legal conclusions to which no response is required and respectfully refer the Court to the notices for the true and complete contents thereof.

8.  Deny the allegations contained in paragraph 8 of the Counterclaims and respectfully refer the Court to the Complaint, Answer and Counterclaims for the true and complete contents thereof.

## THE PARTIES

9. Admit, on information and belief, the allegations contained in paragraph 9 of the Counterclaims.

10. Admit, on information and belief, the allegations contained in paragraph 10 of the Counterclaims.

11. Admit, on information and belief, the allegations contained in paragraph 11 of the Counterclaims.

12. Admit, on information and belief, the allegations contained in paragraph 12 of the Counterclaims.

13. Admit, on information and belief, the allegations contained in paragraph 13 of the Counterclaims.

14. Admit, on information and belief, the allegations contained in paragraph 14 of the Counterclaims.

15. Admit, on information and belief, the allegations contained in paragraph 15 of the Counterclaims.

16. Admit, on information and belief, the allegations contained in paragraph 16 of the Counterclaims.

17. Admit, on information and belief, the allegations contained in paragraph 17 of the Counterclaims.

18. Admit the allegations contained in paragraph 18 of the Counterclaims.

19. Admit the allegations contained in paragraph 19 of the Counterclaims.

## JURISDICTION

20. The allegations in paragraph 20 of the Counterclaims contain legal conclusions to which no response is required and, to the extent that a response is required, the allegations are denied.

## BACKGROUND

21. Deny the allegations contained in paragraph 21 of the Counterclaims, except admit that Merrill Lynch is one of the world's leading wealth management, capital markets and advisory companies.

22. Deny the allegations contained in paragraph 22 of the Counterclaims.

23. Deny the allegations contained in paragraph 23 of the Counterclaims.

24. Deny the allegations contained in paragraph 24 of the Counterclaims.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Counterclaims.

26. Deny the allegations contained in paragraph 26 of the Counterclaims, except admit that the parties entered into certain transactions that are at issue in this action and respectfully refer the Court to the transaction documents for the true and complete contents thereof.

27. Deny the allegations contained in paragraph 27 of the Counterclaim, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

28. Deny the allegations contained in paragraph 28 of the Counterclaims.

29. Deny the allegations contained in paragraph 29 of the Counterclaims.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

31. Deny the allegations contained in paragraph 31 of the Counterclaims, except respectfully refer the Court to the transaction documents in question for the true and complete contents thereof.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Counterclaims.

33. Deny the allegations contained in paragraph 33 of the Counterclaims, except respectfully refer the Court to the email referenced therein for the true and complete contents thereof.

34. Deny the allegations contained in paragraph 34 of the Counterclaims, except admit that MLI entered into certain transactions between January and August 2007 and respectfully refer the Court to the transaction documents for the true and complete contents thereof.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Counterclaims except admit that, "each of these transactions" involved "a single-purpose 'pass-through' trust ( 'XLCA Trust') that entered into a credit default swap with MLI," and respectfully refer the Court to the transaction documents for the true and complete contents thereof.

36. Deny the allegations contained in paragraph 36 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Counterclaims, except admit that the transactions involved a financial guarantee insurance policy and respectfully refer the Court to the transaction documents for the true and complete contents thereof.

38. Deny the allegations contained in paragraph 38 of the Counterclaims, except admit that ML&Co. entered into a document entitled "Guarantee of Merrill Lynch & Co., Inc." with each of the XLCA Trusts and respectfully refer the Court to the guarantees for the true and complete contents thereof.

39. Deny the allegations contained in paragraph 39 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

40. Deny the allegations contained in paragraph 40 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

41. Deny the allegations contained in paragraph 41 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Counterclaims.

43. Deny the allegations contained in paragraph 43 of the Counterclaims.

44. Deny the allegations contained in paragraph 44 of the Counterclaims, except admit that the parties entered into certain transactions that are at issue in this action and

respectfully refer the Court to the transaction documents for the true and complete contents thereof.

45. Deny the allegations contained in paragraph 45 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

46. Deny the allegations contained in paragraph 46 of the Counterclaims, except respectfully refer the Court to the transcript of ML&Co.'s third quarter 2007 earnings call for the true and complete contents thereof.

47. Deny the allegations contained in paragraph 47 of the Counterclaims, except respectfully refer the Court to the transcript of ML&Co.'s third quarter 2007 earnings call for the true and complete contents thereof.

48. Deny the allegations contained in paragraph 48 of the Counterclaims.

49. Deny the allegations contained in paragraph 49 of the Counterclaims.

50. Deny the allegations contained in paragraph 50 of the Counterclaims.

51. Deny the allegations contained in paragraph 51 of the Counterclaims, except respectfully refer the Court to the transaction documents for the true and complete contents thereof.

52. Deny the allegations contained in paragraph 52 of the Counterclaims.

53. Deny the allegations contained in paragraph 53 of the Counterclaims, except deny knowledge or information sufficient to form a belief as to the truth of XLCA's knowledge and the contents of the "publicly available information" referenced therein.

54. Deny the allegations contained in paragraph 54 of the Counterclaims; decline to respond to the allegations to the extent that they set forth legal conclusions to which

no response is required; and respectfully refer the Court to the transaction documents for the true and complete contents thereof.

55. Deny the allegations contained in paragraph 55 of the Counterclaims except respectfully refer the Court to the notices referenced therein for the true and complete contents thereof.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Counterclaims, except respectfully refer the Court to the notice referenced therein for the true and complete contents thereof.

57. Deny the allegations contained in paragraph 57 of the Counterclaims, except admit that MLI sent correspondence to XLCA on February 29, 2008 which, among other things, disputed the effectiveness of the purported terminations, and respectfully refer the Court to the correspondence for the true and complete contents thereof.

58. Deny the allegations contained in paragraph 58 of the Counterclaims, except respectfully refer the Court to the correspondence for the true and complete contents thereof.

59. Deny the allegations contained in paragraph 59 of the Counterclaims, except respectfully refer the Court to the correspondence for the true and complete contents thereof.

60. Deny the allegations contained in paragraph 60 of the Counterclaims, except respectfully refer the Court to the correspondence for the true and complete contents thereof.

61. Deny the allegations contained in paragraph 61 of the Counterclaims, except admit that ML&Co. disputed that any such payments were or are owed and respectfully refer the Court to the correspondence for the true and complete contents thereof.

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

62. Counterclaim Defendants incorporate by reference their responses to paragraphs 1 through 61 of the Counterclaims as if fully set forth herein.

63. Paragraph 63 of the Counterclaims contains legal conclusions to which no response is required.

64. Paragraph 64 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 65 does contain such allegations, they are denied.

65. Paragraph 65 of the Counterclaims contains legal conclusions to which no response is required.

66. Paragraph 66 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 66 does contain such allegations, they are denied.

67. Paragraph 67 of the Counterclaims contains legal conclusions to which no response is required.

68. Paragraph 68 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 68 does contain such allegations, they are denied.

69. Paragraph 69 of the Counterclaims contains legal conclusions to which no response is required.

70. Paragraph 70 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 70 does contain such allegations, they are denied.

71. Paragraph 71 of the Counterclaims contains legal conclusions to which no response is required.

72. Paragraph 72 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 72 does contain such allegations, they are denied.

73. Paragraph 73 of the Counterclaims contains legal conclusions to which no response is required.

74. Paragraph 74 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 75 does contain such allegations, they are denied.

75. Paragraph 75 of the Counterclaims contains legal conclusions to which no response is required.

76. Paragraph 76 of the Counterclaims does not contain any factual allegations to which a responsive pleading is required and, to the extent paragraph 76 does contain such allegations, they are denied.

## SECOND CAUSE OF ACTION
### (Breach of Contract Against MLI)

77. Counterclaim Defendants incorporate by reference their responses to paragraphs 1 through 76 of the Counterclaims as if fully set forth herein. The "Second Cause Of Action" is directed only at MLI, and therefore, ML&Co. need not respond to these allegations. The responses are on behalf of MLI.

78. Denies the allegations contained in paragraph 78 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

79. Denies the allegations contained in paragraph 79 of the Counterclaims.

80. Denies the allegations contained in paragraph 80 of the Counterclaims.

81. Denies the allegations contained in paragraph 81 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

82. Denies the allegations contained in paragraph 82 of the Counterclaims.

83. Denies the allegations contained in paragraph 83 of the Counterclaims.

84. Denies the allegations contained in paragraph 84 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

85. Denies the allegations contained in paragraph 85 of the Counterclaims.

86. Denies the allegations contained in paragraph 86 of the Counterclaims.

87. Denies the allegations contained in paragraph 87 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

88. Denies the allegations contained in paragraph 88 of the Counterclaims.

89. Denies the allegations contained in paragraph 89 of the Counterclaims.

90. Denies the allegation contained in paragraph 90 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

91. Denies the allegations contained in paragraph 91 of the Counterclaims.

92. Denies the allegations contained in paragraph 92 of the Counterclaims.

93. Denies the allegations contained in paragraph 93 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

94. Denies the allegations contained in paragraph 94 of the Counterclaims.

95. Denies the allegations contained in paragraph 95 of the Counterclaims.

96. Denies the allegations contained in paragraph 96 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

97. Denies the allegations contained in paragraph 97 of the Counterclaims.

98. Denies the allegations contained in paragraph 98 of the Counterclaims.

99. Denies the allegations contained in paragraph 99 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

100. Denies the allegations contained in paragraph 100 of the Counterclaims.

101. Denies the allegations contained in paragraph 101 of the Counterclaims.

102. Denies the allegations contained in paragraph 102 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

103. Denies the allegations contained in paragraph 103 of the Counterclaims.

104. Denies the allegations contained in paragraph 104 of the Counterclaims.

105. Denies the allegations contained in paragraph 105 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

106. Denies the allegations contained in paragraph 106 of the Counterclaims.

107. Denies the allegations contained in paragraph 107 of the Counterclaims.

108. Denies the allegations contained in paragraph 108 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

109. Denies the allegations contained in paragraph 109 of the Counterclaims.

110. Denies the allegations contained in paragraph 110 of the Counterclaims.

111. Denies the allegations contained in paragraph 111 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

112. Denies the allegations contained in paragraph 112 of the Counterclaims.

113. Denies the allegations contained in paragraph 113 of the Counterclaims.

114. Denies the allegations contained in paragraph 114 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

115. Denies the allegations contained in paragraph 115 of the Counterclaims.

116. Denies the allegations contained in paragraph 116 of the Counterclaims.

117. Denies the allegations contained in paragraph 117 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

118.   Denies the allegations contained in paragraph 118 of the Counterclaims.

119.   Denies the allegations contained in paragraph 119 of the Counterclaims.

## THIRD CAUSE OF ACTION
### (Breach of Contract Against Merrill Lynch)

120.   Counterclaim Defendants incorporate by reference their responses to paragraphs 1 through 119 of the Counterclaims as if fully set forth herein.  The "Third Cause Of Action" is directed only at ML&Co., and therefore, MLI need not respond to these allegations. The responses are on behalf of ML&Co.

121.   Denies the allegations contained in paragraph 121 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

122.   Denies the allegations contained in paragraph 122 of the Counterclaims.

123.   Denies the allegations contained in paragraph 123 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

124.   Denies the allegations contained in paragraph 127 of the Counterclaims.

125.   Denies the allegations contained in paragraph 125 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

126.   Denies the allegations contained in paragraph 126 of the Counterclaims.

127.   Denis the allegations contained in paragraph 127 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

128.   Denies the allegations contained in paragraph 128 of the Counterclaims.

129. Denies the allegations contained in paragraph 129 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

130. Denies the allegations contained in paragraph 130 of the Counterclaims.

131. Denies the allegations contained in paragraph 131 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

132. Denies the allegations contained in paragraph 132 of the Counterclaims.

133. Denies the allegations contained in paragraph 133 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

134. Denies the allegations contained in paragraph 134 of the Counterclaims.

135. Denies the allegations contained in paragraph 135 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

136. Denies the allegations contained in paragraph 136 of the Counterclaims.

137. Denies the allegations contained in paragraph 137 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

138. Denies the allegations contained in paragraph 138 of the Counterclaims.

139. Denies the allegations contained in paragraph 139 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

140. Denies the allegations contained in paragraph 140 of the Counterclaims.

141. Denies the allegations contained in paragraph 141 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

142. Denies the allegations contained in paragraph 142 of the Counterclaims.

143. Denies the allegations contained in paragraph 143 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

144. Denies the allegations contained in paragraph 144 of the Counterclaims.

145. Denies the allegations contained in paragraph 144 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

146. Denies the allegations contained in paragraph 146 of the Counterclaims.

147. Denies the allegations contained in paragraph 147 of the Counterclaims and respectfully refers the Court to the notice for the true and complete contents thereof.

148. Denies the allegations contained in paragraph 148 of the Counterclaims.

## FOURTH CAUSE OF ACTION
### (Breach of Contract Against MLI)

149. Counterclaim Defendants incorporate by reference their responses to paragraphs 1 through 148 of the Counterclaims as if fully set forth herein. The "Fourth Cause of Action" is directed only at MLI, and therefore, ML&Co. need not respond to the allegations. The responses are on behalf of MLI.

150. Denies the allegations contained in paragraph 148 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

151. The allegations in paragraph 151 of the Counterclaims contain legal conclusions to which no response is required and, to the extent that a response is required, the allegations are denied.

152. Denies the allegations contained in paragraph 152 of the Counterclaims and respectfully refers the Court to the transaction documents for the true and complete contents thereof.

153. The allegations in paragraph 153 of the Counterclaims contain legal conclusions to which no response is required and, to the extent that a response is required, the allegations are denied.

## DEFENSES

Without assuming the burden of proof on any matters where that burden rests on the Counterclaimants, Counterclaim Defendants assert the following defenses with respect to the claims the Counterclaimants purport to assert in the Counterclaims:

### First Defense
### (Failure to State a Claim)

The Counterclaims fail to state a claim upon which relief may be granted.

### Second Defense
### (No Breach of Duty)

Each and every allegation and claim in the Counterclaims is barred because Counterclaim Defendants have not breached any duty owed to XLCA.

### Third Defense
### (Unclean Hands, Estoppel, Laches and Waiver)

Each and every allegation and claim in the Counterclaims is barred by the doctrine of unclean hands, estoppel, laches and waiver.

### Fourth Defense
### (No Damages)

If XLCA has suffered any damages, which is denied, then any such alleged damages resulted solely from its own acts or omissions.

### Fifth Defense
### (No Damages)

This action is barred because XLCA has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Counterclaims.

### Sixth Defense
### (Full Performance)

This action is barred because ML&Co. and MLI discharged and satisfied and continue to satisfy all of their contractual obligations to XLCA, if any.

### Seventh Defense
### (No Breach of Contract)

This action is barred because ML&Co. and MLI have not materially breached or repudiated any contract.

### Eighth Defense
### (Jurisdiction Should Be Declined)

If Counterclaim Defendants' motions for summary judgment are granted, this Court should decline to exercise supplemental jurisdiction over any remaining Counterclaims that are not dismissed.

### Ninth Defense
### (Reservation of Rights)

ML&Co. and MLI give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve all rights to amend this Reply and all such defenses.

WHEREFORE, Counterclaim Defendants respectfully request that the Court enter judgment (i) dismissing the Counterclaims with prejudice; (ii) awarding Counterclaim Defendants all reasonable costs and disbursements of this action; and (iii) any further relief the Court deems just and proper.

Dated: New York, New York
      April 21, 2008

                                        /s/ Jay B. Kasner
                          Jay B. Kasner (jkasner@skadden.com)
                          Scott D. Musoff (smusoff@skadden.com)
                          Jeffrey S. Lichtman (jlichtma@skadden.com)
                          SKADDEN, ARPS, SLATE,
                           MEAGHER & FLOM LLP
                          Four Times Square
                          New York, New York 10036
                          (212) 735-3000

                          Attorneys for Plaintiff and Counterclaim
                            Defendant Merrill Lynch International and
                          Counterclaim Defendant
                          Merrill Lynch & Co., Inc.