UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERRILL LYNCH INTERNATIONAL,<br><br>               Plaintiff,<br><br>               -against-<br><br>XL CAPITAL ASSURANCE INC. AND XLCA ADMIN LLC, AS TRUSTEE FOR PORTFOLIO CDS TRUST 138, PORTFOLIO CDS TRUST 153, PORTFOLIO CDS TRUST 164, PORTFOLIO CDS 165, PORTFOLIO CDS TRUST 170, PORTFOLIO CDS TRUST 172 AND PORTFOLIO CDS TRUST 186,<br><br>             Defendants. | 08 CV 2893 (JSR)<br><br>**RESPONSE TO MOVANTS' LOCAL RULE 56.1 STATEMENT** |
| XL CAPITAL ASSURANCE INC. AND XLCA ADMIN LLC, AS TRUSTEE FOR PORTFOLIO CDS TRUST 138, PORTFOLIO CDS TRUST 153, PORTFOLIO CDS TRUST 164, PORTFOLIO CDS 165, PORTFOLIO CDS TRUST 170, PORTFOLIO CDS TRUST 172 AND PORTFOLIO CDS TRUST 186<br><br>             Counterclaimants,<br><br>              -against-<br><br>MERRILL LYNCH INTERNATIONAL AND MERRILL LYNCH & CO.,<br><br>             Counterclaim Defendants. | |

**DEFENDANTS' RESPONSE TO MOVANTS'
STATEMENT PURSUANT TO LOCAL RULE 56.1**

Pursuant to Rule 56.1 of this Court's Local Civil Rules, Defendants and Counterclaimants

XL Capital Assurance Inc. and XLCA Admin LLC, as trustee for Portfolio CDS Trust 138,

Portfolio CDS Trust 153, Portfolio CDS Trust 164, Portfolio CDS Trust 165, Portfolio CDS

Trust 170, Portfolio CDS Trust 172 and Portfolio CDS Trust 186 (collectively, "XLCA"), respectfully submit this statement in response to the Statement Pursuant to Local Rule 56.1 submitted by Plaintiff Merrill Lynch International ("MLI") and Counterclaim Defendants MLI and Merrill Lynch & Co., Inc. ("ML&Co.", collectively "Merrill Lynch"), in connection with Merrill Lynch's motion for summary judgment ("Merrill Lynch's 56.1 Statement"). XLCA respectfully submits that there are material facts for which there are genuine issues to be tried.

1- 66. XLCA agrees that there are no disputed issues of material fact as to the statements set forth in Paragraphs 1- 66 of Merrill Lynch's Statement Pursuant to Local Civil Rule 56.1 (except insofar as XLCA disputes that Merrill Lynch has redacted only "irrelevant" and "confidential" portions of the documents referenced in paragraphs 22-27 and 31-36).

67. **Merrill Lynch's Statement:** MLI has never failed to exercise any Voting Rights in connection with any of the XL Swaps solely in accordance with the written instructions of any or all of the Defendants. (Gambino Decl. ¶ 7.)

**Response:**
XLCA disagrees with this statement for several reasons:[1]

a) Merrill Lynch has entered into the six MBIA Swaps, which provide that Merrill Lynch will exercise Voting Rights "only at the direction" of MBIA. (*See* Merrill Lynch's 56.1 Statement ¶ 37.)

---

[1] As set forth in the Declaration of Jonathan Pickhardt, executed on May 15, 2008, discovery in this litigation is ongoing. The parties have not completed their document productions; depositions have not occurred; and, pursuant to this Court's order of May 7, 2008, XLCA has not yet been permitted to obtain material discovery from non-party MBIA, Inc. ("MBIA"). XLCA believes that once discovery is complete, it will adduce additional evidence demonstrating these facts.

b) By entering into the MBIA Swaps, Merrill Lynch deprived XLCA of the benefit of the bargain XLCA had received under the XL Swaps. (*See* Declaration of Trude Akersveen ¶¶ 17-18; Declaration of Mark Walsh ¶¶ 15-16.)

c) Merrill Lynch entered into the MBIA Swaps with the intention to follow MBIA's instructions to exercise the Voting Rights. (*See* MBIA Swaps § 9(a) (stating that MLI will "exercise all voting rights and all other rights of … the Controlling Class … only at the direction of [MBIA] …."); Declaration of Scott Gordon ¶ 16; Declaration of Basil Imburgia ¶¶ 28-29.)

d) MBIA entered into the MBIA Swaps believing that Merrill Lynch would follow its instructions with regard to the exercise of Voting Rights. (*See* Declaration of William Adams Exs. 5a and 5b (letters from MBIA to Merrill Lynch, dated April 4, 2008, declaring a "breach" upon MLI's failure to follow to MBIA's instructions); 7 (public statements by MBIA Head of Insured Portfolio Investment, Mitch Sonkin, stating that MBIA is the "sole controlling party" in each of its CDO deals).

68.     **Merrill Lynch's Statement:** MLI has not entered into any credit default swap or other agreement with any other party that could in any way implicate MLI's exercise of Voting Rights relating to the Jupiter CDO. (Gambino Decl. ¶ 8.)

**Response:**

XLCA is unable to respond to this statement because discovery is not complete. Among other discovery that is necessary to respond to this statement, XLCA would need the opportunity to depose Mr. Gambino. For example, Mr. Gambino's statement in Paragraph 8 of his declaration does not foreclose the possibility that MLI has entered into a credit default swap relating to the Jupiter CDO. Given that the parties disagree as to whether the MBIA Swaps implicate MLI's exercise of Voting Rights regarding the other XLCA Swaps, unless XLCA can determine that

MLI at no time entered into *any* credit default swap or financial guarantee relating to the Jupiter CDO, the truth of Mr. Gambino's statement cannot be ascertained.

DATED: May 15, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____
    Peter E. Calamari
    Jonathan E. Pickhardt
    Brendan N. Snodgrass
    William B. Adams

51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Defendants and Counterclaimants
XL Capital Assurance Inc. and XLCA Admin LLC*